FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT 31 PM 2: 35
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARY JANE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-146 |
| ) | |
| CITY OF AUGUSTA, GA, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* and has been granted permission to proceed *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### I.  BACKGROUND

Plaintiff names the City of Augusta, Georgia as the sole Defendant in her complaint. (Doc. no. 1, pp. 1, 2.) In a one-paragraph statement of claims that fails to include any dates or names, Plaintiff alleges that she was handcuffed, pepper-sprayed, and beaten by an on-duty Richmond County deputy, and then arrested and jailed "on a bogus charge to be later dropped." (Id. at 3.) Plaintiff alleges that she was denied her "constitutional rights and was ignored." (Id.) Plaintiff requests compensatory and punitive damages as relief. (Id. at 5.)

Notably, however, Plaintiff admits in her complaint that she has previously litigated the facts of this case in federal court. (See doc. no. 1, pp. 1-2.) While Plaintiff does not provide the case number, the Court has, upon perusal of its records, located a prior lawsuit involving the same facts as the present action. See Harris v. Augusta, Georgia, CV 106-202 (S.D. Ga. Dec. 18, 2006) (hereinafter "CV 106-202").[1]

## II. DISCUSSION

### A. Plaintiff's Claims Are Barred by the Statute of Limitations

Based on Plaintiff's acknowledgment of a prior federal case, the Court assumes the events alleged in CV 106-202 are the same as those in the instant complaint, and thus the Court concludes that the instant complaint is subject to dismissal on statute of limitations grounds.[2] In her amended complaint in CV 106-202, Plaintiff alleged that on January 4,

---

[1] In her amended complaint in CV 106-202, Plaintiff named Augusta, Georgia, Ronnie Strength, Jimmy Wylds, and Charles McDowell as defendants. See id., doc. no. 31. Augusta, Georgia filed a motion to dismiss on May 11, 2007, and Ronnie Strength and Jimmy Wylds filed a joint-motion to dismiss on May 14, 2007. See id., doc. nos. 32, 34. The Honorable Lisa Godbey Wood, Chief United States District Judge, converted both into motions for summary judgment on August 24, 2007, see id., doc. no. 42, and granted both motions on April 1, 2008, see id., doc. no. 63. Judgment was entered in favor of Augusta, Georgia, Ronnie Strength, and Jimmy Wylds the same day. See id., doc. no. 64. Plaintiff filed a notice of appeal of the grant of summary judgment on May 9, 2008, see id., doc. no. 69, but voluntarily dismissed the appeal on June 19, 2008, see id., doc. no. 71. Subsequently, on March 31, 2010, a default judgment was entered against the remaining defendant, Charles McDowell, in the amount of $95,662.82 in compensatory damages and $25,000.00 in punitive damages for Plaintiff. See id., doc. no. 86.

[2] The Court assumes the same facts for purposes of the statute of limitations. Although the Court is aware of the possibility that Plaintiff's claims may be barred by the doctrine of *res judicata*, because of the lack of factual detail in the instant complaint, the Court declines to attempt a fact-specific *res judicata* analysis. See, e.g., In re: Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001), cert. denied sub nom. TDY Indus., Inc. v. Kaiser Aerospace & Elecs. Corp., 534 U.S. 827 (2001).

2005, Charles McDowell, a deputy of the Richmond County Sheriff's Office, sprayed Oleoresin Capsicum (OC) into her eyes and face, beat her with an ASP baton, arrested her, and took her to Richmond County jail. See id., doc. no. 31, pp. 2, 4. Plaintiff also alleged in the amended complaint in CV 106-202 that a judge issued a Nolle Prosequi for the charges stemming from her January 4, 2005 arrest on January 18, 2005. See id. at 10.

State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in her complaint, as well as who injured her, when the injuries occurred in 2005. Her claims pertain to injuries that occurred more than seven years before she filed the instant complaint, and are well outside of the two-year statute of limitations period. Therefore, Plaintiff's claims are subject to dismissal as time-barred.

**B.  Plaintiff's Complaint is Subject to Dismissal for Failure to State a § 1983 Claim Against Defendant**

Assuming statute of limitations concerns do not foreclose Plaintiff's claims, however,

3

and liberally construing the allegations in Plaintiff's complaint and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court still finds that Plaintiff has failed to state a § 1983 claim against Defendant. That is, while Plaintiff names Defendant in the caption of her complaint, she does not assert any allegations of wrongdoing regarding Defendant in the body of her complaint. In fact, Plaintiff does not mention Defendant anywhere in her statement of claims.

Notably, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of any causal connection between Defendant's actions and any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendant. Plaintiff's complaint is subject to dismissal on this basis alone.

Finally, to the extent she may be attempting to hold Defendant liable for the actions of the unnamed Richmond County deputy in her complaint, Plaintiff's allegations do not meet the requirements for stating a § 1983 claim against a municipality. "Although the Supreme Court has held that counties (and other local government entities) are 'persons'

4

within the scope of § 1983, and subject to liability, [Plaintiff] cannot rely upon the theory of *respondeat superior* to hold [a local government entity] liable." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Monell v. Dep't of Soc. Servs. 436 U.S. 658, 692, (1978)). "Rather, only deprivations undertaken pursuant to governmental custom or policy may lead to the imposition of governmental liability." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001) (internal quotation marks and citation omitted); see also L.A. County v. Humphries, 131 S. Ct. 447, 449 (U.S. 2010) ("[C]ivil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom."). Liability may also be imposed on a governmental entity based on a custom that may be viewed as "a widespread practice that, although not authorized by written law or express governmental entity policy, is so permanent and well settled as to constitute a custom or usage with the force of law"; failing to correct actions of employees that amount to constitutional violations can also be considered a custom or policy if "the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." Griffin, 261 F.3d at 1308 (internal citations omitted); see also Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003) (*per curiam*) (requiring culpability and direct causal link between municipal action and violation of federal rights to impose municipal liability).

Here, Plaintiff does not make any allegations supporting the inference that the type of governmental custom or policy exists that is necessary to state a § 1983 claim against Defendant. Because Plaintiff does not allege the requisite causal link between the actions of Defendant and the alleged violation of her constitutional rights, she has failed to state a claim against Defendant.

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE